FITAPELLI & SCHAFFER, LLP
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| ANTHONY ROGERS, | |
|---|---|
| Plaintiff, | Case No. |
| -against- | |
| CHIEF'S BAKEWEL CORP., and CHIEF SAMSAIR, individually; | |
| Defendants. | |

Plaintiff Anthony Rogers (hereinafter "Plaintiff" or "Rogers"), upon personal knowledge as to some matters and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, overtime compensation, spread of hours pay, and other damages for Plaintiff arising from his employment at Chief's Bakewel Corp. (hereinafter "Bakewell"), located at 3140 Fulton Street, Brooklyn, NY 11208.

2. Chief's Bakewel Corp. and Chief Samsair (collectively, "Defendants"), own and/or operate Bakewell, a bakery business serving traditional Caribbean fare and packaged baked goods at 2 or more locations.

3. Bakewell offers both hot plates of traditional West Indian cuisine and pre-packaged Caribbean snacks and baked goods for sale. Breads and other baked items are produced and packaged at 3140 Fulton Street, Brooklyn, NY, 11208 and offered for sale at that location and at a second location, operating as Bakewell Bakery & Restaurant, located at 127-08 Liberty Ave, South Richmond Hill, NY, 11419.

4. Defendants have failed to properly compensate their employees proper wages

pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5. In this regard, Plaintiff at all times worked as a baker at Bakewell.

6. Defendants failed to pay Plaintiff the applicable minimum wage rate at all times during his employment. In this regard, Defendants paid Plaintiff at a rate of $10.50 starting in 2016. This rate falls below the New York City Minimum Wage Rate for employers with under 10 employees in 2018.

7. Despite regularly working well over 40 hours per week, Defendants failed to pay Plaintiff proper overtime compensation.

8. Despite also regularly working shifts longer than 10 hours in length, Defendants failed to pay Plaintiff spread of hours pay.

9. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.* to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived him of his lawfully earned wages.

10. Plaintiff also brings this action to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

<u>Plaintiff</u>

**Anthony Rogers**

11. Anthony Rogers ("Rogers") is an adult individual who is a resident of Brooklyn, New York.

12. Rogers was employed by Defendants as a baker at Bakewell from approximately 2011 to November 3, 2018.

13. Rogers is a covered employee within the meaning of the FLSA and NYLL.

14. A consent form for Rogers is attached to this Complaint.

**Defendants**

15. Defendants have employed and/or jointly employed Plaintiff at all times relevant.

16. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

17. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff at all times relevant.

18. During all relevant times, Defendants' operations have been interrelated and unified.

19. During all relevant times, Bakewell has shared a common management, and has been centrally controlled and/or owned by Defendants.

20. During all relevant times, Defendants centrally controlled the labor relations of Bakewell.

21. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

**Chief's Bakewel Corp.**

22. Together with the other Defendants, Chief's Bakewel Corp. has owned and/or operated Bakewell during the relevant time period.

23. Chief's Bakewel Corp. is a domestic business corporation organized and existing under the laws of New York.

24. Chief's Bakewel Corp. is the corporate entity that operates Bakewell at 3140 Fulton Street, Brooklyn, NY, 11208.

25. Chief's Bakewel Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff.

26. At all relevant times, Chief's Bakewel Corp. has maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

27. Upon information and belief, at all relevant times Chief's Bakewel Corp. has an annual gross volume of sales in excess of $500,000.

**Chief Samsair**

28. Upon information and belief, Chief Samsair ("Samsair") is a resident of the State of New York.

29. At all relevant times, Samsair has been an owner and operator of Chief's Bakewel Corp. In this regard, Plaintiff has identified Samsair as the owner and highest management official at Bakewell.

30. Samsair is listed as the DOS Process recipient for the active New York State Department of State, Division of Corporations entry for Chief's Bakewel Corp.

31. At all relevant times, Samsair has had power over personnel decisions at Bakewell, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment. In this regard, Samsair terminated Plaintiff's employment.

32. At all relevant times, Samsair has had power over payroll decisions at Bakewell, including the power to retain time and/or wage records.

33. At all relevant times, Samsair has been actively involved in managing the day to day operations of Bakewell.

34. At all relevant times, Samsair has had the power to stop any illegal pay practices that harmed Plaintiff.

35. At all relevant times, Samsair has had the power to transfer the assets and/or liabilities of Bakewell

36. At all relevant times, Samsair has had the power to declare bankruptcy on behalf of Bakewell.

37. At all relevant times, Samsair has had the power to enter into contracts on behalf of Bakewell.

38. At all relevant times, Samsair has had the power to close, shut down, and/or sell Bakewell.

39. Samsair is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff.

## JURISDICTION AND VENUE

40. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

41. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

42. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PLAINTIFF'S FACTUAL ALLEGATIONS

43. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Anthony Rogers**

44. Rogers was employed as a baker at Bakewell from approximately 2011 to November 3, 2018.

45. During his employment, Garduño generally worked the following scheduled hours unless he missed time for vacation, sick days and/or holidays: approximately 6 days per week, from approximately 9:00am to 12:00am or 1:00am, 90 to 96 hours per week.

46. Defendants failed to compensate Rogers at the minimum applicable hourly rate. In this regard, in 2018 Defendants paid Plaintiff $10.50 per hour. During this time, the applicable minimum wage in New York City for employers with 10 or fewer employees was $12.00 per hour.

47. Rogers regularly worked over 40 hours per workweek.

48. Defendants failed to pay Rogers 1.5 times his regular rate of pay for all hours worked in excess of 40 per workweek. In fact, Rogers raised concerns about his extended hours and lack of proper pay to Defendants on at least one occasion.

49. During his employment, Rogers would regularly work shifts longer than 10 hours in length.

50. Defendants failed to pay Rogers spread of hours pay as required by the NYLL.

51. Defendants failed to furnish Rogers with proper annual wage notices as required by the NYLL.

52. Defendants failed to furnish Rogers with wage statements, as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff)**

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

55. Defendants failed to pay Plaintiff the premium overtime wages to which he was entitled under the FLSA – at a rate of 1.5 times his regular rate of pay – for all hours worked beyond 40 per workweek.

56. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wages
(Brought on behalf of Plaintiff)

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

59. Defendants failed to pay Plaintiff the applicable minimum wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

60. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages
(Brought on behalf of Plaintiff)

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

63. Defendants failed to pay Plaintiff the premium overtime wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times his regular rate of pay – for all hours worked beyond 40 per workweek.

64. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours
### (Brought on behalf of Plaintiff)

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants have failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

67. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread of hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff)

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants have failed to supply Plaintiff with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the

employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

70. Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, up to a total of two thousand five hundred dollars, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

### SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff)

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to supply Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

73. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide him with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B. Unpaid minimum wages, overtime wages, spread of hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

C. Statutory penalties of fifty dollars for each workday that the Defendants failed to provide Plaintiff with an accurate wage notice, or a total of two thousand five hundred dollars, as provided for by the NYLL, Article 6 § 198;

D. Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

E. Prejudgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       June 24, 2019

                                Respectfully submitted,

                                /s/ Frank J. Mazzaferro
                                Frank J. Mazzaferro

                                **FITAPELLI & SCHAFFER, LLP**
                                Frank J. Mazzaferro
                                28 Liberty Street, 30th Floor
                                New York, NY 10005
                                Telephone: (212) 300-0375

                                *Attorneys for Plaintiff*